**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON**

**TERESA MILLER,**

**Petitioner,**

**v.** **Case No. 3:16-cv-05179**

**LAURA NOHE,**

**Respondent.**

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON**

**TERESA MILLER,**

**Petitioner,**

**v.** **Case No. 3:16-cv-05251**

**LAURA NOHE,**

**Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

These matters are assigned to the Honorable Robert C. Chambers, United States District Judge and, by Standing Order, and they are referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

These two habeas corpus proceedings stem from the petitioner, Teresa Miller's (hereinafter "Miller") criminal proceedings in the Circuit Court of Monongalia County, West Virginia, which the undersigned will attempt to describe as necessary herein. On November 14, 2013, Miller pled guilty to one count of possession with intent to deliver a Schedule II controlled substance in the Circuit Court of Monongalia County, West Virginia. On January 16, 2014, Miller was sentenced by Monongalia County Circuit Judge Phillip Gaujot to a term of imprisonment of 1-15 years. However, the Judge Gaujot ordered that Miller serve her time on home incarceration in lieu of prison. Miller was further ordered to report to her probation officer as directed.

On February 25, 2014, Judge Gaujot conducted a revocation hearing after Miller tested positive for cocaine. Judge Gaujot revoked Miller's home incarceration and ordered that she be placed in the custody of the West Virginia Division of Corrections ("WVDOC"). She was thereafter transferred to the Lakin Correctional Center ("Lakin").

On or about May 7, 2014, Miller, by retained counsel, Ed Rollo, moved for reconsideration of Judge Gaujot's order revoking her home incarceration. At a hearing held on June 9, 2014, Judge Gaujot agreed to place Miller back on home confinement; however, that ruling was contingent upon the Preston County Home Confinement Office accepting Miller for placement and upon Miller's enrollment in either drug court or in-patient treatment. Such arrangements were never completed and Miller remained at Lakin.

On March 9, 2015, another hearing was held on Miller's motion for reconsideration. At that time, Judge Gaujot ordered that Miller be placed on probation for six months, and she was released from Lakin. However, on June 3, 2015, a petition to revoke probation was filed by the

probation officer due to Miller's non-compliance with the conditions of probation.

A revocation hearing was held on June 30, 2015, at which Miller failed to appear. Miller contends that she did not receive notice of this hearing because the notice was mailed to an old address, which the court, probation officer and prosecutor knew was not her current address. A capias was subsequently issued for Miller's arrest.

On July 20, 2015, Miller was arrested and a revocation hearing was held on July 30, 2015. Judge Gaujot found that Miller had violated the conditions of her probation by absconding from supervision and her probation was revoked. She was sentenced serve her original 1-15 year sentence in WVDOC custody, with 464 days of credit, and was returned to Lakin.

On October 5, 2015, Miller, by counsel, filed another motion for reconsideration concerning the revocation of her probation. A hearing was held on December 29, 2015, during which Judge Gaujot refused to place Miller back on home confinement, but suggested that he would hold in abeyance the motion for reconsideration while Miller applied for acceptance into drug court. However, at the conclusion of the hearing, Miller inquired about the appointment of counsel to assist her with filing a habeas corpus petition. When Judge Gaujot stated that she would have to select which avenue of relief she wished to pursue, Miller stated that she wished to file a habeas corpus petition. Thus, Judge Gaujot denied the motion for reconsideration, released Miller's retained counsel, Ed Rollo, from further representation of Miller, and directed Miller to complete the appropriate paperwork so that counsel could be appointed to represent her with respect to filing a habeas corpus petition.

On January 14, 2016, Judge Gaujot entered an Amended Order concerning the probation revocation and re-imposing Miller's original sentence of 1-15 years of imprisonment, with 464

days of custody credit. Miller's appeal of that decision was dismissed by the Supreme Court of Appeals of West Virginia (the "SCAWV") on April 19, 2017. *State v. Miller*, No. 16-0235 (W. Va., Apr. 19, 2017).

On February 1, 2016, Miller filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of West Virginia (Case No. 2:16-cv-00007-JPB-RWT). That petition was denied without prejudice for failure to exhaust state court remedies on July 12, 2016. *Miller v. State of W. Va.*, No. 2:16-cv-00007-JPB-RWT, 2016 WL 3824858 (N.D. W. Va., July 12, 2016). Miller's appeal of that decision was dismissed by the United States Court of Appeals for the Fourth Circuit on November 22, 2016. *Miller v. State of W. Va.*, No. 16-6995, 670 F. App'x 825 (4th Cir. Nov. 22, 2016).

On May 5, 2016, Miller filed a Complaint in the United States District Court for the Northern District of West Virginia (*Miller v. West Virginia Division of Corrections*, Case No. 1:16-cv-00082) concerning her conditions of confinement at Lakin. Because Lakin is located within the Southern District of West Virginia, that matter was transferred to this court, re-assigned Case No. 3:16-cv-04225, and it was assigned to Judge Chambers, and referred to United States Magistrate Judge Cheryl E. Eifert. On April 5, 2017, Judge Chambers adopted Magistrate Judge Eifert's Proposed Findings and Recommendation and dismissed that matter for failure to state a claim upon which relief can be granted. *Miller v. W. Va. Div. of Corr.*, No. 3:16-cv-04225, 2017 WL 1317061 (S.D. W. Va. Apr. 5, 2017). Miller's appeal of that decision was dismissed by the United States Court of Appeals for the Fourth Circuit on August 22, 2017. *Miller v. W. Va. Dep't of Corr.*, No. 17-6463, 696 F. App'x 115 (4th Cir. Aug. 22, 2017).

On June 7, 2016, while incarcerated at Lakin, Miller filed the instant petitions for a writ of habeas corpus in the United States District Court for the Northern District of West Virginia. However, again, because Miller was incarcerated within the Southern District of West Virginia, both petitions were transferred to this court, which is the proper court to consider such section 2241 petitions because the respondent is located herein. However, on August 11, 2016, Judge Gaujot reconsidered his prior decision and released Miller on probation.

Judge Gaujot conducted another status hearing on February 27, 2017. At that time, he discharged Miller from probation. Thus, she is presently not in custody or under supervision. Accordingly, she is not considered to be "in custody" for the purpose of filing a habeas corpus petition in either state or federal court.

*The pending petitions*

In the petition filed in Case No. 3:16-cv-05179, Miller asserts that she did not receive proper notice of her initial probation violation hearing because it was mailed to the wrong address. (Case No. 3:16-cv-05179, ECF No. 1 at 5). She further appears to be alleging that she was never shown evidence to support her initial home incarceration revocation in 2014, and that there are other orders that were "messed up" in her case. (*Id.* at 6). As relief, Miller sought her re-release on probation and a copy of her presentence report. (*Id.* at 8).

In the petition filed in Case No. 3:16-cv-05251, Miller asserts that, when Judge Gaujot granted her motion for reconsideration and released her on probation, he knew that Miller also wanted to file a habeas corpus petition challenging her conviction and had requested appointment of counsel. Her petition further states:

> He said to either pick the Reconsideration he just granted or the Habeas I wanted to file with all of the other things done to me. I wanted both but picked the Habeas.

> I did not know that you could not do both at the same time. Had I known I would have took Reconsideration and when I got out went and found a way to file Habeas.

(Case No. 3:16-cv-05251, ECF No. 1 at 8). In terms of relief in this petition, Miller requested reconsideration to go back out on probation. (*Id.* at 11).

## ANALYSIS

### A. Miller's habeas corpus petitions are moot in light of her release from custody.

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). This court is unable to grant Miller her requested relief under 28 U.S.C. § 2241 because she was re-released on probation (the relief she was seeking in both petitions), was subsequently discharged, and is no longer in custody.

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477-78 (1990). "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 710 F.2d 689, 693-94 (4th Cir. 1983). When a case or controversy no longer exists, the claim is said to be "moot."

In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x

428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007). As noted above, the petitioner was released from Lakin on or about August 11, 2016 and she has since been discharged from probation on February 27, 2017. Thus, this federal court is no longer able to grant her requested relief.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** both of Miller's Petitions for a Writ of Habeas Corpus and **DISMISS** these civil actions (Case Nos. 3:16-cv-05179 and 3:16-cv-05251) from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

*Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Chambers

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy to the petitioner.

March 27, 2018

Dwane L. Tinsley
United States Magistrate Judge