# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

TERESA MILLER,

    Petitioner,

v.                                            CIVIL ACTION NO. 3:16-cv-05179

LAURA NOHE,

    Respondent.

---

TERESA MILLER,

    Petitioner,

v.                                            CIVIL ACTION NO. 3:16-cv-05251

LAURA NOHE,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner, proceeding pro se, filed two separate Petitions for Habeas Corpus in the District Court for the Northern District of West Virginia on June 7, 2016. Case No. 3:16-cv-05179, ECF No. 1; Case No. 3:16-cv-05251, ECF No. 1. Both cases were referred to the Southern District of West Virginia shortly thereafter because, at the time of filing, Petitioner sought relief from her incarceration at Lakin Correctional Center which is properly embraced by this Court's jurisdiction. *See* Case No. 3:16-cv-05179, ECF No. 5; Case No. 3:16-cv-05251, ECF No. 5.

After transfer, both cases were referred to Magistrate Judge Tinsley for Findings of Fact and Recommendations for Disposition. Case No. 3:16-cv-05179, ECF No. 7; Case No. 3:16-cv-05251, ECF No. 7. After consideration of Petitioner's Petitions, Magistrate Judge Tinsley filed the present Proposed Findings and Recommendation (PF&R) in both cases on March 27, 2018. Case No. 3:16-cv-05179, ECF No. 16; Case No. 3:16-cv-05251, ECF No. 21. In the PF&R, Magistrate Judge Tinsley recommends that Petitioner's Petitions be denied as moot and that these cases be dismissed from the docket of the Court. *Id*. Petitioner filed three objections to the PF&R, all three sets of objections filed in both cases. Case No. 3:16-cv-05179, ECF Nos. 17, 18, 19; Case No. 3:16-cv-05251, ECF Nos. 22, 23, 24. For the following reasons, the Court **DENIES** Petitioner's objections and **ADOPTS AND INCORPORATES HEREIN** the Magistrate Judge's PF&R.

I. **Standard of Review**

This Court conducts a de novo review of those portions of the Magistrate Judge's proposed findings and recommendations to which a party objects. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."). The Court, however, is not required to review the factual or legal conclusions of the Magistrate Judge to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

II. **Discussion**

In both of her pending cases, Petitioner filed three documents in objection to the Magistrate Judge's PF&R – "Objections to the magistrates findings," "APPEAL ON DECISION TO DISMISS," and "APPEAL ON DECISION TO DISMISS FROM DISTRICT JUDGE CHAMBERS." Case No. 3:16-cv-05179, ECF Nos. 17, 18, 19; Case No. 3:16-cv-05251, ECF Nos.

22, 23, 24. The Court notes as a preliminary matter that Case No. 3:16-cv-05179's documents 17, 18, and 19 are identical to Case No. 3:16-cv-05251's documents 22, 23, and 24, respectively. Further, the Court notes that all six of these documents – while bearing different titles and headers – are substantively identical to one another. Essentially, Petitioner filed the same substantive text noting her objections six times – three different times in each of her two pending cases.

The Court has gleaned three coherent objections stated in Petitioner's filings, and addresses each in turn herein.

### a. Objection 1: Claims Are Not Mooted by Release from Prison

First, Petitioner objects to the Magistrate Judge's finding that she has been released from custody within the meaning of 28 U.S.C. Section 2241. She argues that "she was not released from custody she was let back out on probation." Case No. 3:16-cv-05179, ECF Nos. 17, 18, 19; Case No. 3:16-cv-05251, ECF Nos. 22, 23, 24. The Court interprets Petitioner's argument to be that, because she remains on probation,[1] she remains in custody within the meaning of the federal statute such that her claims were not mooted by her release from prison.

28 U.S.C. Section 2241, the statute pursuant to which Petitioner filed the present Petitions, empowers the District Court to grant a writ of habeas corpus to persons held in custody. "The federal habeas corpus statute requires that a petitioner be in custody when [her] application is filed." *Harris v. Ingram*, 683 F.2d 97, 98 (4th Cir. 1982). Plaintiff admits in her objections that she was released from prison, but nevertheless argues that she remains in custody pursuant to the terms of Section 2241 because she was released from prison to a term of probation.

When a prisoner is released on parole and thereby "release[d] . . . from immediate physical imprisonment, [parole supervision] imposes conditions which significantly confine and restrain

---

[1] Petitioner's present probation status is discussed later herein.

[her] freedom . . ." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Due to those restrictions, a petitioner seeking habeas relief who has been released from prison but remains subject to a term of parole or probation remains in the "custody" of the members of the parole board or supervising authority within the meaning of the federal habeas corpus statute. *Id*.

Even under these rules, however, it is clear that when Petitioner was released from Lakin Correctional Center, Defendant Laura Nohe's custody of Petitioner came to an end.[2] Accordingly, Petitioner's claims against Defendant were mooted by her transfer out of Defendant's custody. *See id*. While Petitioner may still have had a plausible claim against the individuals responsible for oversight of her term of probation after her release from Lakin, it is clear she no longer had viable claims against the defendant named in these Petitions at the time she was released from that defendant's custody.[3] Accordingly, the Court finds that Petitioner's claims against Ms. Nohe are moot. Petitioner's objection is therefore **DENIED**.

b. **Objection 2: Magistrate Judge's discussion of prior case**

Petitioner also objects to the Magistrate Judge's discussion of her prior habeas cases. Case No. 3:16-cv-05179, ECF Nos. 17, 18, 19; Case No. 3:16-cv-05251, ECF Nos. 22, 23, 24. The Court agrees with Petitioner that her prior cases have no bearing on her present Petitions, but further finds that the Magistrate Judge included discussion of those cases only to provide context and background for Petitioner's present Petitions. The Court finds that Petitioner's prior cases had

---

[2] Defendant Laura Nohe is the Warden of Lakin Correctional Center.
[3] Magistrate Judge Tinsley notes that Petitioner has also discharged her term of probation as of the time of this writing. Petitioner, in her objections, seems to argue that she is still subject to the terms of her probation. The Court does not address this issue herein as it is unnecessary for resolution of the present matter. Petitioner's Petitions named Laura Nohe as a defendant and it is clear that Petitioner is, at the very least, no longer in Ms. Nohe's custody. Accordingly, Petitioner's claims against Ms. Nohe must be dismissed as moot. The Court gives no further consideration as to Petitioner's present custodial status.

no effect on the Magistrate Judge's PF&R in this case. Petitioner's objections on these grounds are therefore **DENIED as moot**.

### c. Objection 3: Access to Transcripts and Court Documents

Finally, Petitioner alleges that this Court has refused to provide transcripts and Court documents that are part of her cases' records. Case No. 3:16-cv-05179, ECF Nos. 17, 18, 19; Case No. 3:16-cv-05251, ECF Nos. 22, 23, 24. The Court notes that Petitioner sent the Clerk of the Court a letter dated July 5, 2018, in which she requested copies of "all orders" and "all motions" in both of her cases. Case No. 3:16-cv-05179, ECF No. 20; Case No. 3:16-cv-05251, ECF No. 25. Mr. Rory Perry, the Clerk of Court, responded to Petitioner's letter in writing on July 25, 2018. Case No. 3:16-cv-05179, ECF No. 21; Case No. 3:16-cv-05251, ECF No. 26. In that letter, the Clerk informed Petitioner of the relevant costs and fees pertinent to completing her request and advised her that, once payment has been received by the Court, her request for copies will be granted. *Id*. The Clerk enclosed copies of both case's docket sheets in his return letter to Petitioner. *Id*.

Given these communications, the Court finds that there is no impediment to Petitioner's access to Court documents and transcripts so long as she pays the relevant fees. The Court has been prompt in responding to Petitioner's requests and has communicated clearly the requirements for fulfillment of those requests. Accordingly, Petitioner's final objection is **DENIED**.

### III. Conclusion

For the reasons set forth herein, Petitioner's objections to the PF&R are **DENIED**. Accordingly, the Court **ADOPTS AND INCORPORATES HEREIN** the Magistrate Judge's PF&R, Case No. 3:16-cv-05179, ECF No. 16; Case No. 3:16-cv-05251, ECF No. 21. Petitioner's

Petitions, Case No. 3:16-cv-05179, ECF No. 1; Case No. 3:16-cv-05251, ECF No. 1, are **DENIED as moot** and this case is **DISMISSED** from the docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 16, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE